IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT BRIAN STEFFLER,                              CV. 09-16-KI

        Plaintiff,                                ORDER

  v.

MAX WILLIAMS, et al.,

        Defendants.

KING, Judge

    Plaintiff, an inmate in the Intensive Management Unit (IMU) at Snake River Correctional Institution, brings this civil rights action *pro se*. Currently before the court are plaintiff's motions for mental examination (#14), for appointment of counsel (#21), to certify class (#22), for preliminary injunction (#23), and for telephone conference (#28).

## DISCUSSION

**I.  Motion for Mental Examination.**

    Plaintiff moves the court, pursuant to Fed. R. Civ. P. 35(a), for a mental examination by one of two licensed psychiatrists to be paid by the State of Oregon.

1 -- ORDER

Assuming that a party may use Rule 35(a) to compel his own mental examination, plaintiff nevertheless must show that the condition for which the examination is sought has more than mere relevance to the case, but is "really and genuinely in controversy" and "good cause" exists for ordering the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). Plaintiff has failed to make such a showing at this juncture. Moreover, this court has located no authority which would permit it to shift the cost of plaintiff's discovery to the State of Oregon. See Benitez v. Choinski, 2006 WL 276975 *2 (D.Conn. Feb. 2, 2006) (opining that court lacks authority to shift cost of discovery under Rule 35(a); Kendrick v. Frank, 2007 WL 2207907 (E.D. Wis. July 30, 2007) (same). Accordingly, plaintiff's motion for mental examination is denied.

**II.  Motion for Appointment of Counsel**.

Pursuant to 28 U.S.C. § 1915(e)(1), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied, 545 U.S. 1128 (2005); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in

light of the complexity of the legal issues involved.  <u>Agyeman</u>, 390 F.3d at 1103; <u>Wood</u>, 900 F.2d at 1335-36; <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro* se in light of the complexity of the case.  In this regard, the court notes that plaintiff has pursued other actions in this court, including appeals and petitions for *certiorari* to the U.S. Supreme Court.  <u>See</u> <u>Steffler v. Hill</u>, 03-1491-CO; <u>Steffler v. Cow Creek Band of Umpqua Tribe of Indians</u>, 02-6293-AS, <u>aff'd</u>, 94 Fed. Appx. 659 (9th Cir.), <u>cert. denied</u>, 543 U.S. 834 (2004). Moreover, at this preliminary stage of the proceeding, plaintiff has not demonstrated a likelihood of success on the merits. Accordingly, his motion for appointment of counsel is denied.

### III. Motion to Certify Class Action.

Plaintiff moves the court to certify a class of all inmates confined in the IMU suffering from mental illness.  Plaintiff's motion is denied due to plaintiff's failure to demonstrate that he is an adequate representative of the class.  Fed. R. Civ. P. 23(a)(4); <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664-65 (9th Cir. 2008) (generally, *pro se* litigants are prohibited from pursuing claims on behalf of others in a representative capacity); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoner may not bring class action on behalf of fellow inmates).

///

///

**IV.   Motion for Preliminary Injunction.**

Plaintiff moves the court for a preliminary injunction ordering defendants to remove plaintiff from IMU.

Defendants waived service of process on April 21, 2009, but have yet to file an appearance in this proceeding. Accordingly, plaintiff's amended motion for a preliminary injunction is held in abeyance. When defendants file their answer or otherwise respond to plaintiff's complaint, the court will order defendants to respond to plaintiff's motion for preliminary injunction. <u>See Zepeda v. United States Immigration and Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1984) (federal court may issue injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim).

**V.   Motion for Telephone Conference.**

Plaintiff moves the court for a telephone conference to discuss whether he must respond to a request by defendants to sign a release for his medical records. Plaintiff's motion for telephone conference is denied. Plaintiff is advised that he need not engage in any discovery with defendants prior to defendants filing an appearance in this action. <u>See</u> Fed. R. Civ. P. 26(d)(1).

<u>**CONCLUSION**</u>

Based on the foregoing, plaintiff's motions for mental examination (#14), for appointment of counsel (#21), to certify a class action (#22), and for telephone conference (#28) are DENIED.

Plaintiff's motion for preliminary injunction (#23) is HELD IN ABEYANCE pending the filing of an appearance by defendants in this action.

    IT IS SO ORDERED.

    DATED this __22nd__ day of April, 2009.

                                /s/ Garr M. King
                                Garr M. King
                                United States District Judge