IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SCOTT BRIAN STEFFLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 09-16-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MAX WILLIAMS; GREG JONES; SGT. RUSS; SGT. BRANCH; CPL. COONS; CPL. PAGE; OFFICER PAGE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Scott Brian Steffler
# 13406094
SRCI legal mail
777 Stanton Boulevard
Ontario, OR 97914

       Pro Se Plaintiff

John R. Kroger
Attorney General
Elizabeth C. Brodeen
Assistant Attorney General

Page 1 - OPINION AND ORDER

Kristin A. Winges
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff Scott Brian Steffler, an inmate who has been housed at several prisons within the Oregon Department of Corrections ("ODOC"), alleges three claims against several prison officials and employees.  Claim One seeks damages under the Eighth and Fourteenth Amendments for an assault by corrections officers which allegedly occurred on July 25, 2008.  Claim Two, which seeks injunctive relief, alleges a violation of the Eighth and Fourteenth Amendments related to confining Steffler in the Intensive Management Unit ("IMU").  Claim Three, also seeking injunctive relief, alleges a violation of the Ninth and Fourteenth Amendments for taking money from Steffler's account as a disciplinary sanction when the money was received by Steffler as gifts.  Before the court is Defendants' Partial Unenumerated 12(b) Motion to Dismiss (#47) in which defendants seek to dismiss a portion of Claim Two.

## LEGAL STANDARDS

The Prison Litigation Reform Act's ("PLRA") exhaustion requirement creates an affirmative defense that must be raised and proven by defendants.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  Because the failure to exhaust nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary

judgment. The court may look beyond the pleadings and decide disputed issues of fact. If the prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. at 1119-20.

## DISCUSSION

Defendants divide Claim Two into three subparts: 2A–the decision that Steffler would be housed in IMU; 2B–the conditions of confinement in IMU; and 2C–the failure to provide appropriate mental health care during Steffler's confinement in IMU. I agree that this is a reasonable interpretation of the claim.

Defendants contend that Steffler failed to exhaust his administrative remedies through the grievance system with respect to Claim 2B (conditions of confinement in IMU) and 2C (failure to provide appropriate mental health care during Steffler's confinement in IMU). Defendants seek dismissal without prejudice of these portions of Claim Two.

Steffler first argues that the Oregon Administrative Rules and grievance system do not allow him to challenge his assignment to IMU through a grievance. Instead, Steffler notes that an IMU assignment must be challenged through a separate administrative review process. Defendants, however, do not bring this motion against Claim 2A, the decision that Steffler would be housed in IMU.

Steffler next argues that he has filed over a dozen grievances concerning the mental health care he receives and has thus exhausted his administrative remedies.

I.   ODOC Grievance Process

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff

Page 3 - OPINION AND ORDER

as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0100(3)(a). If this does not resolve the issue, the inmate may file a grievance if it complies with the rules. OAR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; or (5) the loss or destruction of personal property. OAR 291-109-0140(2)(a)-(f). A grievance must be filed within 30 days of the incident. OAR 291-109-0150(2).

An inmate may appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(1)(a) and (b). If still not satisfied, the inmate may appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response to the first appeal. OAR 291-109-0170(2)(a) and (c). This final appeal is decided by an assistant director having authority over the issue. OAR 291-109-0170(2)(c) and (d).

Issues about inadequate mental health care or conditions of confinement are grievable under the provisions for the lack of an administrative directive or operating procedure, OAR 291-109-0140(2)(b), or for an oversight or error affecting an inmate. OAR 291-109-0140(2)(d).

II. Analysis of Grievances Filed by Steffler

 A. Oregon State Penitentiary ("OSP")

Steffler was housed at OSP from March 21, 2006 to November 15, 2006; from March 26, 2008 to July 28, 2008; and from January 14, 2009 to January 28, 2009.

On January 16, 2009, Steffler filed Grievance No. 09-01-029 claiming that OSP IMU staff threatened him in retaliation for assaulting an officer on July 25, 2008. Steffler asked to be transferred to the IMU at Snake River Correctional Institution ("SRCI"). Captain Long, Special Housing Captain, responded on January 27, 2009, explaining that ODOC was considering Steffler's transfer request. Steffler did not appeal the response.

On January 24, 2009, Steffler filed Grievance No. 09-01-036 claiming that OSP IMU staff housed him in a water-restricted cell for six days without cause. On February 2, 2009, Lieutenant Bennett responded that housing assignments were at the discretion of the shift supervisor; that Steffler was placed in a water-controlled cell, not a water-restricted cell; and that Steffler was placed there because of his history of assaulting staff and because he received a misconduct report within 30 minutes after arriving at OSP. Steffler did not appeal the response.

Steffler did not file any other grievances while at OSP.

 B. SRCI

Steffler has been housed at SRCI from August 1, 2001 to March 21, 2006; from January 24, 2007 to March 26, 2008; and from January 28, 2009 until the present.

On February 2, 2009, Steffler filed Grievance No. REJ2009.02.002 seeking the immediate return of his legal paperwork. Teresa Hicks, Grievance Coordinator at SRCI, resolved the issue by calling the law library on Steffler's behalf.

Page 5 - OPINION AND ORDER

On February 19, 2009, Steffler filed Grievance No. REJ2009.02.055 asking for a real doctor or psychiatrist to answer a question concerning research into whether long-term sensory-deprived solitary confinement exacerbates mental illness. Steffler complained that he sent an inmate communication form (known by inmates as a kyte) to medical but was put off. Ms. Henning, Behavioral Sciences Manager, had responded to Steffler's kyte by explaining that the health care providers were primarily focused on providing care and not doing research. Hicks returned the grievance without action, noting that the kyte was answered, even though not to Steffler's satisfaction. Steffler did not grieve Hicks' decision to reject his grievance and did not file an appeal.

On March 1, 2009, Steffler filed Grievance No. REJ2009.03.003 complaining that he was denied due process by being placed in IMU and that his serious mental health disorder makes it illegal to place him there. Steffler also complained about the lack of on-site psychiatrists or qualified mental health personnel. Hicks returned the grievance without action because IMU placement is not grievable under the administrative rules. Steffler did not grieve Hicks' decision to return his grievance and did not file an appeal.

C. Two Rivers Correctional Institution ("TRCI")

Steffler was housed at TRCI from August 27, 2008 to January 14, 2009. During this period, Steffler was housed in the Disciplinary Segregation Unit ("DSU") serving a disciplinary sanction. TRCI does not have a special housing unit for inmates assigned to IMU. TRCI inmates assigned to IMU are transferred to the IMU at OSP or SRCI.

On July 28, 2008, Steffler filed Grievance No. 08-08-007 complaining of being beaten by guards three days earlier. Steffler received a response that he could discuss the situation with the

Page 6 - OPINION AND ORDER

Oregon State Police, who were investigating the incident. Steffler appealed the response on September 11, 2008, was unsatisfied with the response to the appeal, and filed the second level appeal on November 11, 2008. The Assistant Director denied the final appeal.

On November 18, 2008, Steffler filed Grievance No. 08-11-34 complaining that he was not properly medicated for his obsessive compulsive disorder. Steffler got a response on December 5, 2008 explaining that he could continue to receive treatment from psychiatrist Dr. Corvino and therapist Mr. Brunk. Steffler appealed on December 12, 2008, received a response on May 1, 2009, and filed the second level appeal on May 21, 2009. The record does not contain a response to the final appeal.

Steffler also filed an appeal on November 29, 2008 which is marked as Grievance No. 08-10-51AA. In it, Steffler complains that he is not being prescribed the correct medication, complains that solitary confinement makes mental disorders worse, and notes that his obsessive compulsive disorder is hell when he is in a sensory-deprived environment.

D.    Analysis

Steffler only went through the appeals process with two of his grievances, both filed when at TRCI.

The first was Grievance No. 08-08-007, in which Steffler complained of being beaten by guards. This grievance does not exhaust administrative remedies for the IMU claims which are the subject of this motion.

The second was Grievance No. 08-11-34, in which Steffler complained that he was not properly medicated for his obsessive compulsive disorder. The appeal process got confused, likely due to the untimeliness of the responses. The response to both levels of appeal are due

within 30 days. OAR 109-291-170(1)(b) and (2)(c). Steffler received the first response more than four months after the appeal, never received a response to the second level appeal, and had a new grievance number assigned to an appeal he filed before receiving the response to the grievance. It appears that Steffler complied with all steps to appeal Grievance No. 08-11-34.

The grievance is completely unrelated to Claim 2B, however, which concerns the conditions of confinement in the IMU. Thus, Steffler has failed to exhaust administrative remedies for Claim 2B. Although the grievance concerns medication for Steffler's mental illness, Claim 2C is limited to the failure to provide appropriate mental health care *in the IMU*. TRCI does not even have an IMU unit. The claim before the court is much narrower than Steffler's complaint in Grievance No. 08-11-34. The grievance would not have put the prison staff on notice of the alleged problem Steffler is litigating in court. An exhaustion requirement protects an agency's authority by allowing it to correct mistakes prior to being haled into federal court. Woodford v. Ngo, 548 U.S. 81, 89, 126 S. Ct. 2378 (2006). Exhaustion also promotes efficiency by resolving claims more quickly and economically before the agency, in contrast to litigating in federal court. Id. These two benefits could not occur in Steffler's situation due to the lack of notice. Consequently, Steffler has failed to exhaust administrative remedies for Claim 2C.

In summary, Steffler failed to exhaust administrative remedies for Claim 2B (conditions of confinement in IMU) and 2C (failure to provide appropriate mental health care during Steffler's confinement in IMU). I dismiss those parts of Claim Two without prejudice. Steffler may proceed forward on Claim 2A (the decision that Steffler would be housed in IMU) and Claims One and Three.

## CONCLUSION

Defendants' Partial Unenumerated 12(b) Motion to Dismiss (#47) is granted. Plaintiff's Requests for Judicial Notice (#58 and #62) are in the nature of argument. The court considered them when ruling on the motion to dismiss but denies them.

Defendants' response to Steffler's Amended Motion for Preliminary Injunction (#23) is due on October 5, 2009. Steffler's reply is due on October 26, 2009. All dispositive motions are due on October 5, 2009.

IT IS SO ORDERED.

Dated this      2nd      day of September, 2009.

                                                    /s/ Garr M. King
                                                    Garr M. King
                                                    United States District Judge