IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**SCOTT BRIAN STEFFLER,**  Civil Case No. 09-16-KI

        Plaintiff,

        vs.  OPINION AND ORDER

**MAX WILLIAMS; GREG JONES;
SGT. RUSS; SGT. BRANCH; CPL. COONS;
CPL. PAGE; OFFICER PAGE,**

        Defendants.

Scott Brian Steffler
# 13406094
SRCI legal mail
777 Stanton Boulevard
Ontario, Oregon  97914

    Pro Se Plaintiff

John R. Kroger
Attorney General

Page 1 - OPINION AND ORDER

Andrew Hallman
Assistant Attorney General
Kristin A. Winges
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff Scott Brian Steffler, an inmate who has been housed at several prisons within the Oregon Department of Corrections ("ODOC"), alleges three claims against several prison officials and employees.  Claim One seeks damages under the Eighth and Fourteenth Amendments for an assault by corrections officers which allegedly occurred on July 25, 2008.  Claim Two, which seeks injunctive relief, alleges a violation of the Eighth and Fourteenth Amendments related to confining Steffler in the Intensive Management Unit ("IMU").  Claim Three, also seeking injunctive relief, alleges a violation of the Ninth and Fourteenth Amendments for taking money from Steffler's account as a disciplinary sanction when the money was received by Steffler as gifts.

On September 3, 2009, I agreed with defendants' argument that Steffler failed to exhaust administrative remedies for Claim 2B (conditions of confinement in IMU) and 2C (failure to provide appropriate mental health care during Steffler's confinement in IMU).  I granted defendants' motion and dismissed those parts of Claim Two without prejudice.  Steffler thus could proceed forward on Claim 2A (the decision that Steffler would be housed in IMU) and Claims One and Three.

Plaintiff's Motion to Reconsider that ruling is now before the court. I will also rule on Plaintiff's Motion for a Preliminary Injunction.

## DISCUSSION

I.   Motion to Reconsider

Steffler asks me to reconsider my ruling because he received responses to his grievance appeals after he had filed his response to the motion to dismiss. Thus, Steffler concedes in his argument that he was in the process of exhausting his administrative remedies while the motion to dismiss was being briefed. This is too late for Steffler to exhaust his claims. A "district court must dismiss a case without prejudice 'when there is no *presuit* exhaustion,' even if there is exhaustion while suit is pending." Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (quoting McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002)) (explaining correct treatment of mixed complaints depending on whether the claims are intertwined), cert. denied, 549 U.S. 1204 (2007). Because Steffler had not awaited the late responses to his grievance appeals, he had not fully exhausted his administrative remedies. I decline to change my ruling.

II.  Motion for a Preliminary Injunction

Plaintiff seeks a preliminary injunction ordering prison officials to remove him from the IMU and place him in alternative housing–such as the general population, the Oregon State Hospital, the Special Management Unit, or the Administrative Segregation Unit–to adequately treat and accommodate his mental health needs. Plaintiff suffers from obsessive compulsive disorder, anxiety, and impulse control disorder. He claims that the lack of mental health treatment in the IMU, along with living in sensory-deprived solitary confinement in the IMU for months at a time, exacerbates his mental illnesses and contributes to violent outbursts.

The party moving for a preliminary injunction may meet its burden by showing either (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions on the merits are raised and the balance of hardships tips sharply in the moving party's favor. Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810 (9th Cir. 2003).

I agree with defendants that plaintiff has not demonstrated a likelihood of success on the merits which would result in me ordering his transfer from the IMU. As explained above, I already dismissed the portion of plaintiff's claim concerning the conditions of confinement in the IMU and the failure to provide mental health care to plaintiff when he is confined in the IMU. Plaintiff's objection to being housed in the IMU is based on the portions of the claim which I dismissed for failure to exhaust administrative remedies. Moreover, I am highly doubtful that I would order the prison officials to transfer plaintiff to alternative housing, even if he prevails. I am more likely to order injunctive relief requiring appropriate medical treatment of plaintiff or reconsideration of his housing assignment.

Accordingly, I am denying plaintiff's motion for a preliminary injunction. I will consider the appropriate injunctive relief if plaintiff prevails on his claims.

## CONCLUSION

Plaintiff's Motion to Reconsider (#66) and Plaintiff's Motion for a Preliminary Injunction (#23) are denied.

IT IS SO ORDERED.

Dated this      14th       day of December, 2009.

                                                    /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge