IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**SCOTT BRIAN STEFFLER**,

Plaintiff,

vs.

**MAX WILLIAMS; GREG JONES;
SGT. RUSS; SGT. BRANCH; CPL. COONS;
CPL. PAGE; OFFICER PAGE**,

Defendants.

Civil Case No. 09-16-KI

OPINION AND ORDER

    Daniel J. Rice
    Heltzel, Williams, Yandell, Roth,
      Smith & Petersen, PC
    117 Commercial Street NE
    P. O. Box 1048
    Salem, Oregon  97308-1048

       Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

John R. Kroger
Attorney General
Kristin A. Winges
Jacqueline Kamins
Andrew Hallman
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorneys for Defendants

KING, Judge:

I previously granted partial summary judgment in plaintiff Scott Brian Steffler's favor on Claim Three after deciding that defendants violated Steffler's due process rights when they took $200 from his trust account to satisfy a fine imposed for disciplinary purposes.  Before the court is Defendants' Motion to Reconsider, or in the alternative, to Certify (#112).

## DISCUSSION

My order granting partial summary judgment is an interlocutory order because I did not enter a judgment under Federal Rule of Civil Procedure 54(b).  Williamson v. UNUM Life Ins. Co. of America, 160 F.3d 1247, 1250 (9th Cir. 1998) (barring special circumstances, orders granting partial summary judgment are not appealable final orders).  "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation omitted).  I will consider the additional briefing because I wish to get this important ruling right.

I.        Qualified Immunity

I will first address an obvious error. I held that defendants were not protected by qualified immunity concerning Claim Three. Steffler, however, only seeks declaratory and injunctive relief in this claim. Defendants did not assert the defense of qualified immunity against this claim because qualified immunity does not bar actions for declaratory or injunctive relief. Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993). I should not have addressed the defense and strike this portion of the opinion.

II.       Statutory Authorization Requirement

I relied on Vance v. Barrett, 345 F.3d 1083 (9th Cir. 2003), to conclude that the collection of disciplinary fines from prisoner trust accounts violates due process unless there is underlying statutory authority for the confiscation. Defendants distinguish Vance by arguing that it addresses legislative due process because the conduct at issue–the prison's practice of confiscating accrued interest from all prisoners' trust accounts– uniformly applies to all inmates. Nevada statutes provide that interest earned is credited to the trust fund after applicable charges are deducted. Id. at 1086. Defendants claim that Vance conforms with Ninth Circuit precedent that the action needed to meet the requirements of legislative due process is the process associated with the enactment of a statute. Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1994) ("[w]hen the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." (internal quotation omitted)).

Defendants contrast Steffler's situation, in which the Oregon Department of Corrections ("ODOC") imposed and confiscated the fine after an administrative hearing, with the legislative

Page 3 - OPINION AND ORDER

process in Vance, which defendants claim is inapplicable here. According to defendants, Steffler's situation is a classic example of adjudicative due process, which requires heightened individualized due process protections rather than a blanket statutory notice achieved through legislation.

Steffler argues that Vance is not limited to legislative action, as defendants suggest, and notes the language stating the need for both statutory authority and individualized process. Steffler contends that the body of law concerning collecting fines from trust accounts derives from forfeiture law, which requires express statutory authority.

After considering the additional briefing filed by the parties, I conclude that Vance is not directly applicable to Steffler's situation. Although Vance does not expressly base its analysis on differences in the due process needed in legislative and adjudicative circumstances, a close reading of Vance supports the arguments defendants now raise to differentiate it. In Vance, the prison confiscated accrued interest earned by the trust account even though state law required the interest to be credited to the account. Vance, 345 F.3d at 1086. The prison did this for all prisoners without any type of procedure either before or after the confiscation. The court first noted that a legislature could elect *not* to confer a property interest but could not constitutionally authorize the deprivation of a conferred interest without appropriate procedural safeguards. The court then stated: "Without underlying authority and competent procedural protections, [the prison] could not have constitutionally confiscated the net accrued interest." Id. at 1090. The court made this statement in the context of the prison acting "in contravention of the clear mandate of the state legislature." Id.

Page 4 - OPINION AND ORDER

Steffler's situation was quite different in that defendants confiscated a fine from his trust account after he received full due process in a disciplinary hearing. The inmate in Vance received no due process at all–no hearing was available and the prison violated a state law by confiscating the accrued interest. Thus, due process provided by the legislative procedure in passing the law requiring the interest to be credited to the trust account was for nought. Moreover, defendants are not acting in violation of any law or regulation in confiscating the fine from Steffler's trust account and, in contrast with Vance, were in accord with general statutes and specific administrative regulations addressing the situation.

Based on these differences, I conclude that the due process Steffler received in his disciplinary hearing assessing the fine, along with the general statute giving ODOC the ability to enforce the rules of the prison, ORS 421.105, and the administrative rules concerning the disciplinary procedure, e.g., OAR 291-158-0015(2) ("Inmates who are indebted to the Department shall have their trust account debited and funds disbursed in accordance with the provisions of OAR 291-158-0065."), are sufficient due process for defendants to collect the fine from Steffler's trust account.

Accordingly, I grant summary judgment in defendants' favor and dismiss Claim Three concerning a violation of Steffler's due process rights for the confiscation of money from his trust account.

///


///

## CONCLUSION

Defendants' Motion to Reconsider, or in the alternative, to Certify (#112) is granted.

IT SO ORDERED.

Dated this <u>    9th    </u> day of August, 2010.

                                             <u>  /s/ Garr M. King                 </u>
                                            Garr M. King
                                            United States District Judge